**Donald E. WHITE, Plaintiff,**

v.

**The SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**72–CV–105.**

United States District Court,
N. D. New York.

Aug. 9, 1972.

Englert & Reilly, Schenectady, N. Y., for plaintiff; Dennis M. Englert, Schenectady, N. Y., of counsel.

James M. Sullivan, Jr., U. S. Atty., N. D. N. Y., Syracuse, N. Y., for defendant; Brian F. Mumford, Asst. U. S. Atty., Albany, N. Y., of counsel.

JAMES T. FOLEY, Chief Judge.

## MEMORANDUM–DECISION and ORDER

The defendant Secretary moves to dismiss this claim which seeks review of an adverse determination by the defendant Secretary after the usual administrative hearings and review in the Department of Health, Education and Welfare. The motion must be granted because, in my judgment, there is no doubt from the records in this Court that the complaint was not filed within the sixty-day period after the Appeals Council denied plaintiff's request for review of the Hearing Examiner's decision. It is unfortunate to find, as here, a situation where a four-day period bars the action. However, the time period is precisely set forth in 205(g) of the Social Security Act and provides, as pertinent here, that any individual may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

The affidavit of the Chairman of the Appeals Council supporting the motion to dismiss based upon the personal examination under his supervision of the official administrative file avers the decision was mailed to the plaintiff by certified mail on December 20, 1971. The complaint was not received and filed by the Clerk of this Court until February 22, 1972. An affidavit of the Clerk is submitted that he filed the complaint in Albany on that date at 11:51 a. m. The filing is untimely and there has been no extension of the time period for the commencement of the civil action to review ever granted to the plaintiff nor did the plaintiff ever file a request for such extension according to the Chairman's affidavit.

In an unsworn affidavit, plaintiff alleges that during the week of February 18, 1972, he retained his present attorneys to file a complaint re-

questing a review of the decision of the Appeals Council; that because of the time element, the affidavit states it was suggested that plaintiff personally file the required papers with the United States Attorney's Office and the District Court, and further deliver to the United States Marshal said papers for immediate service on the proper representative of the Secretary of Health, Education and Welfare, but for some reason service was not effected by the Marshal until February 23, 1972. The answering affidavit of Assistant United States Attorney Brian F. Mumford admits that the office of the United States Attorney in Albany was personally served with a complaint on February 18, 1972.

Federal Rule of Civil Procedure 3 provides that a civil action is commenced by filing a complaint with the court; Rule 4(a) further provides that upon the filing of the complaint the clerk shall issue a summons and deliver it for service to the Marshal or to a person specially appointed to serve it and Rule 4(c) provides that service of all process shall be made by a United States Marshal, by his deputy or by some person specially appointed by the court for that purpose. There was, therefore, no authority allowing plaintiff to attempt service as he describes. However, more important than this irregularity is the positive affirmation of the Clerk in his affidavit that the complaint was not actually filed with the court until February 22, 1972, and I so find that this date was the one upon which the action was commenced by the filing in the manner prescribed by the Federal Rules of Civil Procedure.

■ The decisions are legion that the computation of the sixty days must be made from the date of mailing regardless of the time of receipt. A case decided by the late Judge Brennan of this Court, and the discussion therein is invoked often as decisive for mandatory ruling that there is no discretion in the Court to disregard the strict compliance with the time period prescribed by law in these instances. (Zeller v. Folsom (1956–NDNY), 150 N.Supp. 615).

The motion to dismiss the complaint is granted on the ground the Court lacks jurisdiction of the subject matter because the action was not commenced within the sixty-day statutory time period. The complaint in the action is dismissed for that reason.

It is so ordered.