**BETHLEHEM STEEL CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 83-1-00026.**

United States Court of International Trade.

Sept. 29, 1983.

Eugene L. Stewart, Terence P. Stewart and Paul W. Jameson, Washington, D.C. (Curtis H. Barnette, Meredith Hemphill, Jr., Bethlehem, Pa., Laird D. Patterson, Washington, D.C. and Roger W. Robinson, New York City, on the briefs), for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C. (David M. Cohen, Director, Commercial Litigation Branch and Francis J. Sailer, Washington, D.C., on the brief), for defendant.

BOE, Judge:

On November 15, 1982, the International Trade Administration, Department of Commerce (ITA), published its final determination in the investigation of certain steel products from Spain. 47 Fed.Reg. 51438–52. In its final determination the ITA found the following:

(1) That certain programs (preferential loans, privileged export credits, etc.) constitute countervailable subsidies.

(2) That the mechanism whereby Spain rebates indirect taxes paid by Spanish steel exporters, Desgravacion Fiscal a la Exportacion (DFE), does not constitute a subsidy.

The International Trade Commission (ITC) on December 21, 1982, notified the ITA as to its determination that an industry in the United States is being materially injured by reason of steel imports from Spain. 48 Fed.Reg. 525 (1983).

On January 3, 1983, the ITA published countervailing duty orders based on the final affirmative determinations contained in the final determination of the ITA published November 15, 1982. 48 Fed.Reg. 51.

On January 7, 1983, the plaintiff filed a summons and complaint in this court challenging the finding of the ITA that the Spanish DFE does not constitute a countervailable subsidy. This action is presently before this court pursuant to the procedure provided by Rule 56.1 of the United States Court of International Trade.

The defendant questions the jurisdiction of this court to entertain the instant action. In raising this issue the defendant states it is prompted by two prior decisions: *United States Steel Corp. v. United States,* 5 CIT ——, Slip Op. 83–59 (June 16, 1983) and *United States Steel Corp. v. United States,* 5 CIT ——, Slip Op. 83–65 (June 28, 1983). Contending the determination of the ITA that the Spanish DFE program does not confer a subsidy upon the exporter and, accordingly, is a negative determination under the provisions of 19 U.S.C. § 1516a(a)(2)(B)(ii), the defendant claims that the summons commencing the instant action was untimely filed.

Since the defendant took a contrary position in the *United States Steel* cases, *supra,* its jurisdictional challenge is without conviction. When a question as to jurisdiction is suggested by the parties or presented by

the pleadings in an action, it is incumbent upon the court to make a determination with respect thereto. Rule 12(h)(3) of the Court of International Trade Rules.

The provisions of the Trade Agreements Act of 1979 pertinent to the issues presented in the instant action are found in 19 U.S.C. § 1516a(a)(2)(A) and (B):

(2) Review of determinations on record.—

(A) In general.—Within thirty days after the date of publication in the Federal Register of—

(i) notice of any determination described in clause (ii), (iii), (iv), or (v) of subparagraph (B), or

(ii) an antidumping or countervailing duty order based upon any determination described in clause (i) of subparagraph (B).

an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Customs Court by filing a summons, and within thirty days thereafter a complaint, each with the content and in the form, manner, and style prescribed by the rules of that court, contesting any factual findings or legal conclusions upon which the determination is based.

(B) Reviewable determinations.—The determinations which may be contested under subparagraph (A) are as follows:

(i) Final affirmative determinations by the Secretary and by the Commission under section 1303 of this title, or by the administering authority and by the Commission under section 1671d or 1673d of this title.

(ii) A final negative determination by the Secretary, the administering authority, or the Commission under section 1303, 1671d, or 1673d of this title.

A civil action to review a final determination by the ITA is commenced in this court by the filing of a summons. Rule 3(a) of the Court of International Trade Rules. In the summons filed by the plaintiff in this court on January 7, 1983, paragraph 2 provides:

2. Plaintiff contests the final affirmative determinations of the International Trade Administration (ITA) of the Commerce Department published on November 15, 1982 * * *. The countervailing duty order was published on January 3, 1983 (48 Fed.Reg. 51). These determinations are contested pursuant to 19 U.S.C. 1516a(a)(2)(A)(ii), 19 U.S.C. 1516a(a)(2)(B)(i) and 28 U.S.C. 1581(c).

The complaint was filed contemporaneously with the summons and likewise predicates the jurisdiction of this court under the statutory time limitations provided in 19 U.S.C. § 1516a(a)(2)(A)(ii) and (B)(i), which directs the filing of a summons within 30 days of the publication of a countervailing duty order based on the final affirmative determinations of the ITA and the ITC. Notwithstanding the specific jurisdictional allegation in its summons and complaint, the plaintiff does not challenge the countervailing duty order of the ITA nor the final *affirmative* determinations which constitute the basis for the order. On the contrary, the gravamen of plaintiff's complaint and the prayer for relief contained therein challenge *only* the findings of the ITA as to the final negative determination of November 15, 1982.

A purpose of a pleading is to provide affirmative notice as to the statutory authority from which jurisdiction of an action stems.

The sufficiency of the jurisdictional allegation is dependent on the validity of the pleader's assertion which is determined by reference to the relevant federal statute, rather than in terms whether the claim for relief is meritorious. 5 C. Wright and A. Miller, *Federal Practice And Procedure,* § 1206 (1969).

Although plaintiff contends that in the instant action it is challenging the countervailing duty order issued by the ITA, it is noteworthy that the order itself contains no mention of the ITA determination of November 15, 1982, holding that the Spanish DFE program did not constitute a subsidy. 48 Fed.Reg. 51 (1983). To accept plaintiff's contention would require this court to hold

that the finding of the ITA in its final determination that the Spanish DFE program is not a subsidy, in fact, does not constitute a *negative determination.* Such an interpretation is contrary to the express meaning of the governing statute. A determination that a particular practice is not a subsidy is a negative determination. *Republic Steel Corp. v. United States,* 5 CIT ——, Slip Op. 82–55 (July 15, 1982).

■ After careful examination of the pertinent statutes this court concludes that for judicial review purposes severability of the respective affirmative and negative determinations which may be included in a final determination of the ITA is required in order to permit compliance with express statutory language. 19 U.S.C. § 1516a(a)(2)(A) provides for the filing of a summons, commencing an action in this court, within 30 days after two specific publication dates. An interested party contesting a *countervailing duty order based on a final affirmative determination* of the ITA and ITC must commence an action within 30 days of the publication of *that* order. 19 U.S.C. § 1516a(a)(2)(A)(ii), (B)(i). On the other hand, an interested party desiring to contest any final *negative determination* by the ITA must file a summons in this court within 30 days after publication of the notice thereof in the Federal Register. 19 U.S.C. § 1516a(a)(2)(A)(i), (B)(ii).

Two discrete time limitations for the commencement of an action in this court thus have been provided by Congress. It cannot be assumed that Congress failed to envision the possibility of a final determination by the ITA comprising both affirmative as well as negative determinations. Admittedly, compliance with the statutory language might lead to undesirable piecemeal litigation. However, it is not the province of the court to invoke a construction of a statute which it might deem preferable but contrary to the express and unambiguous words comprising it. Should it be found that judicial efficiency is im-paired thereby, the correction must be made by legislative fiat.

The court is satisfied that its conclusion is consistent with legislative intent. Congress intended to "streamline and expedite the review of anti-dumping and countervailing duty proceedings by providing for expedited judicial review of *all* reviewable determinations." (Emphasis added). H.R.Rep. No. 96–317, 96th Cong., 1st Sess. 181 (1979). In the case of a final affirmative determination by the ITA, Congress has indicated that judicial review should become available only after the ITC has made its determination on material injury.

The effect of affirmative final determinations by both the Authority [ITA] and ITC will be that the Authority shall issue a countervailing duty order. However, if either of these final determinations is negative, the investigation will terminate upon publication of the negative determination. H.R.Rep. No. 96–317, 96th Cong., 1st Sess. 56 (1979).

The congressional intent of expedited review of administrative determinations would be poorly served if judicial review of a negative determination, despite the termination of the investigation, is required by the court to await the further and additional determination of the ITC with respect to any final affirmative determinations and the issuance of a countervailing duty order. The court in *Republic Steel Corp., supra,* at 4–5, held that a preliminary determination that a particular practice is not a subsidy constitutes a negative determination:

[T]he legislative history makes it unmistakeably clear that judicial review of these determinations was intended to reach every decision that a subsidy was not being provided—even if other subsidies were found to exist at the same time.... It is ... reasonable to treat an investigation ... into the existence of more than one subsidy ... as resulting in a series of discrete and severable determinations, each of which resolves a question of whether imported merchandise was receiving a subsidy.[1]

1. Although this court's decisions in *United* *States Steel Corp. v. United States,* 5 CIT ——,

■ This court, like the United States District Courts, possesses only limited jurisdiction. It has been repeatedly held that all actions therein must be commenced within the defined limitation prescribed by statute. *Montgomery Ward & Co. v. Zenith Radio Corp.,* 69 CCPA ——, 673 F.2d 1254 (1982); *Kalpake v. Ribicoff,* 202 F.Supp. 495 (N.D. Ill.1961); and *Le Mieux Bros. Inc. v. Tremont Lumber Co.,* 140 F.2d 387 (5th Cir. 1944). In the judicial review of administrative determinations, the courts have consistently held that the right of action against the United States is limited by the provisions of the statute which creates the right.

Where the government conditionally waives its immunity from suit, there exists no discretion in this court to nullify the conditions imposed. *Zeller v. Folsom,* 150 F.Supp. 615, 617 (N.D.N.Y.1956). *See* also *White v. Secretary of HEW,* 56 F.R.D. 497, 499 (N.D.N.Y.1972).

To bring an action under the statute, it is necessary for plaintiff to plead that the action was brought within the specified period in order to demonstrate that the United States has consented to suit and given the court a basis for asserting jurisdiction. 5 C. Wright and A. Miller, *supra,* § 1212.

The court therefore concludes that it affirmatively appears from the summons, complaint and the record herein that the plaintiff has neither asserted facts nor statutory authority necessary to give this court a basis for assuming jurisdiction. Nor has the instant action been commenced within the time prescribed by 19 U.S.C. § 1516a(a)(2)(A)(i) and (B)(ii).

The above-entitled action, accordingly, is hereby dismissed for lack of jurisdiction of the subject matter.

Slip Op. 83–59 (June 16, 1983) and *United States Steel Corp. v. United States,* 5 CIT ——, Slip Op. 83–65 (June 28, 1983) are consistent with the legislative intent and language of the statute, they are not determinative in the instant action. These cases follow the statute in extending the holding in *Republic* (as to the severability of preliminary determinations) to final determinations.

The *United States Steel* cases hold, that while challenges to final affirmative ITA determinations are premature when made prior to the ITC final determinations in the case, challenges to final negative ITA determinations may be made upon publication thereof and prior to the final ITC action thereupon.