ALLEGHENY LUDLUM STEEL CORPORATION, ET AL., PLAINTIFFS, *v.* UNITED STATES, DEFENDANT, BRITISH STEEL CORPORATION, ET AL., DEFENDANTS-INTERVENORS

Court No. 83-7-01035

Before BERNARD NEWMAN, *Senior Judge.*

(Dated March 7, 1984)

*Collier, Shannon, Rill & Scott, Esqs.* (*David A. Hartquist* and *Paul C. Roenthal, Esqs.* of counsel) for plaintiffs.
*Richard K. Willard,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch and *Sheila N. Ziff, Esq.* for defendant.
*Steptoe & Johnson Chartered* (*Richard O. Cunningham, Charlene Barshefsky* and *Alice L. Mattice, Esqs.* of counsel) for defendants-intervenors.

BERNARD NEWMAN, *Senior Judge:*

### INTRODUCTION

The Court is again faced with a jurisdictional dispute focusing upon the time constraints for commencing an action for review of countervailing duty determinations.

Plaintiffs, domestic steel producers, seek review of the final countervailing duty determinations and order of the International Trade Administration, United States Department of Commerce ("ITA") issued pursuant to 19 U.S.C. § 1671d and § 1671e in its investigation of certain stainless steel products from the United Kingdom. Jurisdiction is alleged under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c). Defendants-Intervenors are the exporter and importer of the steel products in question and were parties to the ITA proceedings for which plaintiffs seek judicial review.

Presently before the Court are:

1. Defendant's motion to sever and dismiss this action as to stainless steel sheet and strip on the ground that the action was commenced prematurely (*viz.*, before publication of a countervailing duty order concerning those products). Alternatively, defendant moves for suspension of that portion of this case relating to stainless steel sheet and strip pending resolution of another action brought by plaintiff (Court No. 83–7–01027) challenging the final negative injury determination by the International Trade Commission ("ITC") respecting those products. Defendant concedes that the action was timely filed insofar as it contests ITA's final affirmative determinations respecting stainless steel plate for which ITA published a countervailing duty order.

2. Intervenors' motion to sever and dismiss the action with prejudice respecting those counts of the complaint challenging final negative countervailing duty determinations, on the basis that as to such negative determinations this action was filed too late (*viz.*, more than thirty days after publication of the final determinations).[1]

## BACKGROUND

On April 27, 1983 ITA published its final "affirmative" countervailing duty determinations pursuant to 19 U.S.C. § 1671d covering imports of stainless steel sheet, strip and plate from the United Kingdom (48 Fed. Reg. 19048). Although denominated singularly as an "affirmative determination," ITA in fact found that certain government benefits or programs conferred countervailable subsidies while others did not. Further, where ITA found that a subsidy existed, the value or amount of subsidy was calculated. On June 15, 1983 ITC published its final determinations under 19 U.S.C. § 1671d that imports of stainless steel plate were materially injuring domestic producers of that product, but that imports of stainless steel sheet and strip were nct causing or threatening to cause material injury to a United States industry (48 Fed. Reg. 27454).[2] Accordingly, on June 23, 1983 ITA published its countervailing duty order covering only stainless steel *plate* from the United Kingdom (48 Fed. Reg. 28690).[3]

On July 14, 1983 plaintiffs commenced this action challenging ITA's countervailing duty order covering stainless steel plate, published on June 23, 1983, and ITA's final determinations published on April 27, 1983 as to stainless steel sheet, strip and plate. The gravamen of plaintiffs' complaint is that with respect to stainless steel sheet, strip and plate: (1) ITA erred in determining that cer-

---

[1] Intervenors raised the same issue as an affirmative defense in their answer.

[2] As mentioned above, plaintiffs have contested ITC's negative injury determination regarding stainless steel sheet and strip in Court No. 83–7–01027; that action is presently *sub judice.*

[3] Intervenors have sought review of ITA's final affirmative countervailing duty determinations in another pending action, *British Steel Corporation, et al.* v. *United States,* Court No. 83–7–01032.

tain government benefits or programs did *not* confer countervailable subsidies; and (2) ITA undervalued the benefit attributable to a loan program found to be a subsidy.

## OPINION

We are presented with a threshold jurisdictional issue revolving around the question of whether this action was filed within the time limitations specified in section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. 1516a. The pertinent provisions of that statute read:

(2) Review of determinations on record.

(A) In general. Within thirty days after the date of publication in the Federal Register of—

(i) notice of any determination described in clause (ii), (iii), (iv), or (v) of subparagraph (B), or

(ii) an antidumping or countervailing duty order based upon any determination described in clause (i) of subparagraph (B),

an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade by filing a summons, and within thirty days thereafter a complaint, each with the content and in the form, manner, and style prescribed by the rules of that court, contesting any factual findings or legal conclusions upon which the determination is based.

(B) Reviewable determinations. The determinations which may be contested under subparagraph (A) are as follows:

(i) Final affirmative determinations by the Secretary and by the Commission under section 303 [19 U.S.C. 1303] of this title, or by the administering authority and by the Commission under section 705 or 735 of this Act [19 U.S.C. 1671d or 1673d].

(ii) A final negative determination by the Secretary, the administering authority, or the Commission under section 303, 705, or 735 of this Act [19 U.S.C. 1303, 1671d, or 1673d].

Plaintiffs maintain that following publication of ITC's final negative injury determination concerning stainless steel sheet and strip, judicial economy in the instant action dictates that they be permitted to seek review of ITA's final subsidy determinations respecting stainless steel sheet and strip, as well as plate, by commencing an action within thirty days of ITA's countervailing duty order covering only stainless steel plate. Accordingly, plaintiffs contend that this action was timely filed as to stainless steel sheet, strip and plate and should be decided on the merits, or alternatively, that the Court should suspend the action pending resolution of Court No. 83-7-01027, as alternatively requested by defendant.

Defendant posits that ITA's final determinations published on April 27, 1983 are a unitary and indivisible "affirmative determination" not subject to judicial review under section 1516a until after publication of a countervailing duty order. According to defendant, the jurisdictional defect in this case respecting stainless steel sheet and strip exists by reason of the fact that ITC's final injury determinations published on June 15, 1983, although affirmative as to stainless steel plate, were negative with respect to stainless steel sheet and strip. Consequently, insists defendant, since no countervailing duty order covering stainless steel sheet and strip has yet been published, this action was filed prematurely as to those products and must be severed and dismissed for lack of jurisdiction under 19 U.S.C. 1516a and 28 U.S.C. 1581(c).

Intervenors also seek dismissal for lack of jurisdiction, but contend that the challenged final determinations by ITA are essentially negative, and inasmuch as the action was not commenced within thirty days after the date of publication of the final determinations, this action was filed too late under section 1516a.

The complaint (paragraph 9) sets forth the following claims respecting ITA's final countervailing duty determinations on stainless steel sheet, strip and plate from the United Kingdom (emphasis added):

> (a) Commerce erred by determining that British Steel Corporation was creditworthy between fiscal years 1971/72 through 1976/77. Because of this erroneous determination, *Commerce failed to consider as subsidies* extensive benefits bestowed upon British Steel Corporation by the British Government between 1971 and 1977;
>
> (b) Commerce failed to correctly calculate the subsidies bestowed upon British Steel Corporation through the British Government's National Loans Fund ("NLF") by erroneously determining that the benefits of the NLF *were not subsidies during one period* and by undervaluing the subsidy in another period;
>
> (c) Commerce *failed to* properly calculate and *consider as subsidies* the subsidies bestowed upon British Steel Corporation by loans from the European Coal and Steel Community; and
>
> (d) Commerce erroneously determined that British Steel Corporation *did not receive a subsidy* from preferential rail rates.

It is evident that except for the allegation in paragraph 9(b) of the complaint concerning the undervaluation of the NLF subsidy, the thrust of plaintiffs' claims is ITA's erroneous determinations that certain government benefits or programs did not confer subsidies.

In support of their motion to dismiss, intervenors cite a line of recent decisions in which the Court held that: (1) a valuation or quantification by ITA of a subsidy is an affirmative determination, which may not be contested until after the publication of a countervailing duty order; (2) a determination that particular govern-

ment benefits or programs are not subsidies or that a particular producer did not receive a subsidy is a negative determination; (3) affirmative and negative determinations contained in a final "affirmative" determination by ITA are severable for the purpose of seeking judicial review thereof in this Court; and (4) in a challenge to the findings upon which a final negative determination by ITA is based, this Court lacks jurisdiction if the action is not commenced within thirty days after the date of publication of the final determination. *Bethlehem Steel Corp.* v. *United States,* 6 CIT 164, 571 F. Supp. 1265 (1983), *reh'g denied* November 29, 1983, CAFC Appeal No. 84–714 *pending; United States Steel Corp.* v. *United States,* 5 CIT 287 (1983); *United States Steel Corp.* v. *United States,* 5 CIT 272 (1983). *But see* unpublished order of Judge Maletz in *American Spring Wire Corp.* v. *United States,* Court No. 83–3–00334 entered on August 19, 1983, granting defendant's alternative motion for suspension of the action. As indicated *supra, Bethlehem Steel* (decided by Judge Boe) is now before our Appellate Court. Further, the *United States Steel* and *Republic Steel* decisions (by Judge Watson) were recently "vacated as moot" in accordance with the motion by plaintiffs for voluntary dismissal. See *United States Steel Corporation, Republic Steel Corp.* v. *United States,* 7 CIT 48, (1984).

Predicated upon the above-cited opinions by Judges Watson and Boe, I conclude:

(1) ITA's valuation of the NLF forgiveness subsidy is a final affirmative determination that is contestable under section 1516a within thirty days after publication of a countervailing duty order.[4] Accordingly, the valuation issue respecting the NLF subsidy is properly before the Court as to stainless steel plate for which ITA published a countervailing duty order on June 23, 1983 (48 Fed. Reg. 28690). However, judicial review of the valuation issue respecting stainless steel sheet and strip, for which products no countervailing duty order has yet been published (due to ITC's negative injury determination), is premature at this juncture.

(2) The other claims in paragraph 9 of the complaint contest final negative determinations by ITA (*viz.,* that benefits or programs did not confer subsidies).[5] Inasmuch as plaintiffs did not commence this action within thirty days of the publication of the final negative determinations, this action is untimely (too late) with respect

---

[4] See also this Court's recent decision in *British Steel Corporation, et al.* v. *United States, et al.,* 6 CIT 200, Slip Op. 83–106, 573 F. Supp. 1145 (October 21, 1983), wherein plaintiffs sought judicial review of final affirmative countervailing duty determinations prior to the publication of the countervailing duty order, this Court held that the action was premature under section 1516a and dismissed the action for lack of jurisdiction.

[5] Except for valuation of the NLF subsidy, plaintiffs mischaracterize their other claims in paragraph 9 of the complaint as challenging merely the "methodology" of calculating subsidies. However, a fair reading of the allegations in paragraph 9 clearly shows plaintiffs' disagreement with ITA's determinations that the government funds and programs in question were not countervailable subsidies. Indeed, plaintiffs distinguish in paragraph 9(b) between the determination that funds provided prior to 1977/78 "were not subsidies" and the determination that the funds found to be subsidies after 1977/78 were undervalued. This distinction is correct since under the countervailing duty law, the issue of whether a subsidy is conferred is distinct from the question of the value or amount of the subsidy.

to those determinations. Accordingly, such claims must be severed from the action and dismissed with prejudice, as urged by intervenors.[6]

For the foregoing reasons, it is hereby ordered that:

(1) Defendant's motion to sever and dismiss the action as premature respecting stainless steel sheet and strip from the United Kingdom (for which products no countervailing duty order has been issued) is granted, but only to the extent of plaintiffs' allegation in paragraph 9 of their complaint that ITA undervalued the NLF subsidy.

(2) Intervenors' motion to sever and dismiss with prejudice all other claims in paragraph 9 of the complaint that challenge final negative countervailing duty determinations is granted. Accordingly, plaintiff's claims concerning the following final negative countervailing duty determinations by ITA set forth in paragraph 9 of the complaint are hereby severed and dismissed with prejudice:

(a) the determination that British Steel Corporation was creditworthy between fiscal years 1971 and 1977 and that consequently benefits bestowed upon British Steel Corporation by the United Kingdom during that period were not subsidies;

(b) the determinations that the benefits provided to British Steel Corporation through the United Kingdom's National Loans Fund were not subsidies "during one period";

(c) the determinations that loans from the European Coal and Steel Community to British Steel Corporation were not subsidies; and

(d) the determination that British Steel Corporation did not receive a subsidy from preferential rail rates.

(3) Defendant's alternative motion to suspend that portion of the proceedings in this case relating to stainless steel sheet and strip from the United Kingdom pending resolution of Court No. 83-7-01027 is denied.

---

[6] While defendant disagrees with the severability rule enunciated in *Republic Steel, United States Steel* and *Bethlehem Steel* contending here that plaintiffs are prematurely challenging an indivisible "affirmative determination" respecting stainless steel sheet and strip, defendant concedes that if the above-cited line of cases relied upon by intervenors is correct, this action was filed too late as to the negative determinations challenged in paragraph 9 of the complaint. On that basis, defendant agrees with intervenors that this action must be severed and dismissed with prejudice respecting the claims in paragraph 9 challenging negative determinations.