REPUBLIC STEEL CORP., ET AL., PLAINTIFFS v. UNITED STATES, ET AL., DEFENDANTS, COMPANHIA SIDERURGICA PAULISTA ("COSIPA"), ET AL., AND BETHLEHEM STEEL CORP., INTERVENORS

Court Nos. 84-5-00687, 84-7-00965

Before RESTANI, *Judge.*

(Decided October 12, 1984)

*Cravath, Swaine & Moore, (Joseph R. Sahid),* for plaintiffs.
*Richard K. Willard,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, *J. Kevin Horgan,* Civil Division, Department of Justice, for defendants.
*Wald, Harkrader & Ross, (Jeffery W. Carr),* for defendant-intervenors.
*Stewart & Stewart (Eugene L. Stewart),* for plaintiff-intervenors.

RESTANI, *Judge:* Plaintiffs in these cases seek judicial review pursuant to 19 U.S.C. §§ 1516a(a)(2) (A)(ii) and (B)(ii) (1982) of certain aspects of a final countervailing duty determination by the International Trade Administration ("ITA"). These cases are before the court on plaintiffs' motion to consolidate and defendants' motion to dismiss Court No. 84-5-00687.

On November 10, 1983, the United States Steel Corporation filed a petition with the ITA and with the United States International Trade Commission ("ITC"), seeking the imposition of countervailing duties against imports of certain flat rolled carbon steel products from Brazil. On February 3, 1984, following the ITA's initiation of a countervailing duty investigation,[1] the ITA rendered preliminar-

---

[1] The ITA initiated its countervailing duty investigation in this matter on December 8, 1983, notice of which appears at 48 Fed. Reg. 55012-13.

ily countervailing duty determinations, and ordered that a weighted average net subsidy margin of 27.42% *ad valorem* be posted for all entries of the subject product into the United States.[2] On April 18, 1984, the ITA rendered final countervailing duty determinations pursuant to 19 U.S.C. § 1671d(a) (1982). In those determinations, the ITA revised the weighted average net subsidy margin to 36.95% *ad valorem,* and instead of applying this figure equally to all imports, as it had in its preliminary determinations, required that security be posted at one of three different rates, depending upon which of three subsidiaries of the Brazilian state-owned steel company, Siderurgica Brasileira, S.A. ("Siderbras"), produced the particular shipment being entered.[3] Plaintiffs, in filing these suits, sought to challenge the ITA's decision to require the posting of "subsidiary-specific" security.

On May 25, 1984, plaintiffs commenced their first case involving the final affirmative countervailing duty determination.[4] On June 17, 1984, the ITA issued a countervailing duty order against the subject product.[5] On July 17, 1984, plaintiffs commenced a second case.[6] There are no substantive differences between the two cases. Both challenge the ITA's employ of subsidiary-specific rates. Plaintiff filed two suits merely to ensure the timeliness of its complaint.[7]

On July 17, 1984, plaintiffs moved to consolidate Court Nos. 84-5-00687 and 84-7-00965. On July 31, 1984, defendants moved to dismiss Court No. 84-5-00687 on the ground that it was untimely filed, having been filed before the ITA's issuance of the final countervailing duty order. Defendants simultaneously opposed the plaintiffs' consolidation motion arguing that Court No. 84-5-00687 should be dismissed as a premature appeal of an affirmative determination pursuant to § 1516a(a)(2)(B)(i). This court then requested the parties to file supplemental memoranda on the effect of the Court of Appeals recent decision in *Bethlehem Steel Corp.* v. *United States,* Appeal No. 84-714 (Fed. Cir. August 27, 1984), on the instant case.

*Bethlehem Steel* held that an ITA finding that a certain program was not a subsidy, while other subsidies were found, was not a final negative administrative determination but rather a negative aspect of an affirmative determination. As part of an affirmative determination the nonsubsidy finding was reviewable within thirty days

---

[2] The ITA's preliminary determinations were published at 49 Fed. Reg. 5157–5164 on February 10, 1984.

[3] The ITA's final determinations were published at 49 Fed. Reg. 17988–18000 on April 26, 1984.

[4] Court No. 84-05-00687.

[5] The ITA countervailing duty order was published at 49 Fed. Reg. 25655–56 on June 22, 1984.

[6] Court No. 84-07-00965.

[7] The pendency of the appeal in *Bethlehem Steel Corp.* v. *United States,* 6 CIT 164, 571 F.Supp. 1265 (1983) *reh. denied* (November 29, 1983), Appeal No. 84-714 (Fed. Cir. August 27, 1984) (*"Bethlehem Steel"*) left open the question of the correct time period within which plaintiffs must challenge negative aspects of final affirmative countervailing duty determinations. Plaintiffs perceived that they might have been required to commence their action within thirty days of the final affirmative countervailing duty determination, or, on the other hand, within thirty days of publication of the countervailing duty order.

after the publication of the final countervailing duty order. *Id.* at 6; 19 U.S.C. § 1516a(a)(2)(A)(ii) and § 1516a(a)(2)(B)(i).

The instant action does not involve a determination regarding the existence of a subsidy but rather valuation of the subsidy after a finding that a subsidy existed. The *Bethlehem Steel* court, however, expressly characterized the underestimation of the magnitude of a subsidy as an "affirmative" finding. *Bethlehem Steel, supra* at 8. The court stated that when a plaintiff complains "that the ITA * * * underestimated the duties owed * * * an appeal would indisputably be from an affirmative determination and the time for appeal would indisputably be within 30 days after publication of the countervailing duty *order,* not the ITA's final administrative determination." *Bethlehem Steel, supra* at 8–9 (emphasis in original). Additionally, this court has held that the "valuation of a subsidy is a final affirmative determination that is contestable under section 1516(a) within thirty days after publication of a countervailing duty order." *Allegheny Ludlum Steel Corp.* v. *United States,* Slip Op. 84–16, at 13. (CIT March 24, 1984).

Although plaintiffs Republic Steel Corporation, Inland Steel Corporation and Jones & Laughlin Steel Corporation withdrew opposition to defendants' motion to dismiss the earlier appeal (Court No. 84–5–00687) after the *Bethlehem Steel* decision, plaintiff-intervenor Bethlehem Steel Corporation urges this court not to dismiss Court No. 84–5–00687, except as a matter of judicial economy.

This court is of the opinion that *Bethlehem Steel* does not leave room for early review in a case such as this. No irreversible harm has been alleged so there is no possible ground for failing to dismiss the early action. *See Bethlehem Steel* at 13. Furthermore, a countervailing duty order has now been issued so need for early filing can never be demonstrated in this action. *Cf. Bethlehem Steel, supra* at 9.

For the foregoing reasons, the motion to dismiss Court No. 84–5–00687 is granted and plaintiffs' motion to consolidate is denied as moot.